# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | Case Number 4:23-CR-136 |
| § | Judge Mazzant |
| OLAMIDE OLATAYO BELLO (1) § | |
| OLABODE THOMAS AJIBOLA (2) § | |
| DUMBOR JOSEPHINE BARIBE (11) § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Additional Requested Jury Instructions and Objections to the Government's Requested Instructions (Dkt. #489). Through it, Defendant Baribe and Defendant Ajibola (the "Joint Defendants"), move the Court to instruct the jury on (1) willfulness and (2) good faith (Dkt. #489 at p. 3). After considering the Motion, the Government's Response (Dkt. #508), and the applicable law, the Court determines that the Motion should be **DENIED in part,** as it relates to the issue of willfulness. The remainder of the Motion that contemplates a good faith instruction and the Government's additional requested instructions is **taken under advisement** and will be addressed after the Court's final charge conference.

## BACKGROUND

This is a conspiracy to commit wire fraud and conspiracy to commit money laundering case. Trial is set for January 13, 2025. On June 15, 2023, the Grand Jury returned a single-count Indictment against eleven co-defendants, charging each with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, alleging that Defendants conspired to violate 18 U.S.C. § 1343 (Dkt. #1). As the case rapidly marched toward trial, all but three defendants entered guilty pleas. Defendant Bello ("Bello"), Defendant Baribe, and Defendant Ajibola (collectively, "Defendants") proceed to trial. On December 11, 2024, the Grand Jury returned, and the

Government filed, its First Superseding Indictment (the "Indictment") (Dkt. #376). Through it, the Government now charges the three remaining Defendants with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (alleging that Defendants conspired to violate 18 U.S.C. § 1343) and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (alleging that Defendants conspired to violate 18 U.S.C. § 1957) (Dkt. #376).

As relevant here, on January 6, 2025, the Government filed its Joint Proposed Jury Instructions and Verdict Form as to all three Defendants (Dkt. #481). Bello, acting *pro se*, did not confer with the Government or counsel for the Joint Defendants regarding those instructions (Dkt. #481 at p. 1 n.1.). That same day, the Government also filed its Opposed Proposed Jury Instructions as to all three Defendants (Dkt. #482). Through it, the Government proposes a deliberate ignorance instruction (Dkt. #482 at p. 1). The Joint Defendants objected via the instant Motion, also filed on January 6, 2025 (Dkt. #489 at pp. 4–6). Bello has not objected to that instruction. In the instant Motion, Joint Defendants also request an instruction on "willfulness" and good faith (Dkt. #489 at pp. 3–4). On January 7, 2025, the Government filed its Objections to Defendant's Additional Requested Jury Instructions (Dkt. #508).

On January 8, 2025, the Court held a final pretrial conference. There, the Court entertained some argument on the Joint Defendants' proposed "willfulness" instruction after the Court alerted the parties that the inclusion of that instruction would also impact its preliminary jury instructions. At the pretrial conference, consistent with its written objection against the Joint Defendants' proposed "willfulness" instruction, the Government argued that the instruction is improper because neither offense carries a "willful" *mens rea* requirement, by each offense's respective statutory text. (*See* Dkt. #489 at pp. 1–5). The Court did not understand Counsel for the

Joint Defendants to dispute that position at the pretrial conference. Instead, consistent with the Joint Defendants' written arguments in favor of the instruction, Counsel argued that because the Fifth Circuit has approved of that instruction in cases involving healthcare fraud and anti-kickback schemes, and because this case also involves an alleged conspiracy to defraud a government program, perhaps a "willfulness" instruction is appropriate. (*See* Dkt. #489 at p. 3).

The propriety of issuing the instruction is answered by the elements of each offense. Because the Court's preliminary jury instructions will turn on the same, the Court takes up this issue now, rather than after the final charge conference. The Court will save for another day the other proposed instructions by the Defendants and the Government. As explained below, while the Joint Defendants raise a clever analogy between this case and those where a "willfulness" instruction is appropriate (healthcare fraud and anti-kickback cases), neither the text of the controlling statutes, nor the Fifth Circuit, appear to require, let alone approve of, such an instruction in this case. Accordingly, the Joint Defendants' requested willfulness instruction should be denied.

## LEGAL STANDARD

The task of crafting and issuing appropriate jury instructions is largely left to the sound discretion of the district court. *United States v. De Leon*, 170 F.3d 494, 498 (5th Cir. 1999), *cert. denied*, 528 U.S. 863 (1999). "District courts enjoy substantial latitude in formulating a jury charge." *United States v. Webster*, 162 F.3d 308, 321–22 (5th Cir. 1998); *see also United States v. Rios*, 636 F.3d 168, 171 (5th Cir. 2011); *United States v. Santos*, 589 F.3d 759, 764 (5th Cir. 2009); *United States v. Storm*, 36 F.3d 1289, 1294 (5th Cir. 1994). A court's refusal to issue a proposed jury instruction constitutes reversible error "only if the rejected instruction (1) is substantively

correct; (2) is not substantially covered in the charge given; and (3) pertains to an important point in the trial such that the failure to give the instruction impairs the defendant's ability to present a g given defense effectively." *De Leon*, 170 F.3d at 498 (citing *United States v. Garcia Abrego*, 141 F.3d 142, 153 (5th Cir. 1998), *cert. denied*, 525 U.S. 878 (1998); *United States v. Pipkin*, 114 F.3d 528, 535 (5th Cir. 1997). Thus, in analyzing the instructions the Court ultimately gives the jury, the Fifth Circuit would "consider whether [each] instruction, taken as a whole, is a correct statement of the law and whether it clearly instructs jurors as to the principles of law applicable to the factual issues confronting them." *United States v. Ebron*, 683 F.3d 105, 151–52 (5th Cir. 2012) (citing *United States v. Whitfield*, 590 F.3d 325, 347 (5th Cir. 2009)) (cleaned up).

But the Court is not alone in crafting the appropriate instructions in each case. Indeed, the Fifth Circuit's Pattern Jury Instructions ("PJIs") guide the Court. And "[i]t is well settled that a district court does not err by giving a charge that tracks this Circuit's pattern jury instructions and that is a correct statement of the law." *United States v. Turner*, 96 F.2d 461, 464 (5th Cir. 1992). Ultimately, "[a] jury instruction must: (1) correctly state the law, (2) clearly instruct the jurors, and (3) be factually supportable." *United States v. Diaz*, 941 F.3d 729, 741 (5th Cir. 2019) (quoting *United States v. Fairley*, 880 F.3d 198, 208 (5th Cir. 2018)); *United States v. Piper*, 912 F.3d 847, 860 (5th Cir. 2019) (same); *United States v. Green*, 47 F.4th 279, 294 (5th Cir. 2022) (same). With these principles in mind, the Court turns to the issue at hand: whether a "willful" instruction in this case would be correct under the law. It would not.

## ANALYSIS

The Joint Defendants argue that the Fifth Circuit Pattern Jury Instruction ("PJI") for "willfully" (5th Cir. PJI 1.43) is proper in this case. The Joint Defendants propose that the Court issue the following instruction:

> The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

(Dkt. #489 at p. 3). That language tracks the Fifth Circuit's PJI. *Compare* (Dkt. #489 at p. 3) *with* 5th Cir. PJI 1.43. The Government responds, arguing that the Court ought not give the above instruction because neither conspiracy to commit wire fraud nor conspiracy to commit money laundering, under Fifth Circuit precedent, include an element of "willfulness" (Dkt. #508 at pp. 1–4). The Government is correct.

In support of their request, the Joint Defendants cite *United States v. Nora* and *United States v. Willet*—two healthcare fraud and kickback scheme cases (Dkt. #489 at p. 3) (citing *Nora*, 988 F.3d 823 (5th Cir. 2021); *Willet*, 751 F.3d 335, 339 (5th Cir. 2014)). Those cases involved conspiracy to commit fraud charges under 18 U.S.C. § 1349, and the Fifth Circuit, in articulating the elements of each healthcare fraud or kickback offense, included the term "willfully" (*See* Dkt. #489 at p. 3). Joint Defendants appear to read the Fifth Circuit's use of the term in those cases to require the Government prove that the defendant join the conspiracy purposely and voluntarily (*See* Dkt. #489 at p. 3). But a close reading of *Nora* and *Willet* does not support the Joint Defendants' position. Further, both *Nora* and *Willet*—and any other case involving a conspiracy to commit healthcare fraud or violate an anti-kickback statute—are distinguishable from this case

5

in one simple respect: whereas the statutory text of those offenses include the word "willful," the statutory text of the statutes at issue in this case do not.

As relevant here, in *Nora*, the Government charged the defendant with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349, conspiracy to pay or receive illegal healthcare kickbacks in violation of 18 U.S.C. § 1371 and 42 U.S.C. § 1320a-7b(b)(2), and aiding and abetting healthcare fraud in violation of 18 U.S.C. §§ 1347 and 2. *Nora*, 988 F.3d at 825. The defendant appealed, arguing that there was insufficient evidence to sustain his conviction. *Id.* In articulating the elements of each offense against which to weigh the sufficiency of the evidence, the Fifth Circuit, naturally, turned to the language of each statute. *See id.* at 829–30. The Fifth Circuit noted that both 18 U.S.C. § 1347(a)(1) and 42 U.S.C. § 1320a-7b(b)(2) carry a "knowingly and willfully" *mens rea* requirement. *Id.* at 829. The Fifth Circuit then stated that:

> as a general matter, when used in the criminal context, a "willful" act is one undertaken with a "bad purpose." In other words, in order to establish a "willful" violation of a statute, "the Government must prove that the defendant acted with knowledge that his conduct was unlawful."

*Id.* at 830 (quoting *Bryan v. United States*, 524 U.S. 184, 191–92 (1998)).

Then, the Fifth Circuit acknowledged, consistent with PJI 1.43, that "[a]lthough the precise meaning of the term 'willfully can vary depending on context, [the Fifth Circuit] has held that the general understanding of the term applies to its use in the general health care fraud statute and the health care anti-kickback statute." *Id.* (citing *United States v. Ricard*, 922 F.3d 639, 648 (5th Cir. 2019) ("Willfulness in the Medicare kickback statute means that the act was committed voluntarily and purposely with the specific intent to do something that law forbids; that is to say, with bad purpose either to disobey or disregard the law."); *United States v. St. John*, 625 Fed. App'x 661, 666 (5th Cir. 2015) (per curiam) (accepting the district court's 18 U.S.C. § 1347

6

willfulness instruction, which stated that "willfully . . . means that the act was *committed voluntarily or purposely*, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law") (emphasis added); *Willet*, 751 F.3d at 339 (holding that 18 U.S.C. § 1347 requires a "specific intent to defraud"); *see also* 5th Cir. PJI 1.43 (noting that the meaning of the term "willfully" is context dependent).

Finally, in *Nora*, the Fifth Circuit, applying these principles to a conspiracy, stated that "[n]either conspiracy nor aider and abettor liability lowers this [willfulness] *mens rea* requirement." *Id.* "Conspiracy 'has two intent elements—intent to further the unlawful purpose and the level of intent required for proving the underlying substantive offense.'" *Id.* (quoting *United States v. Brooks*, 681 F.3d 678, 699 (5th Cir. 2012)) (and citing *Willet*, 751 F.3d at 339 ("To prove conspiracy to commit healthcare fraud in violation of 18 U.S.C. § 1349, the government must prove . . . that the defendant joined in the agreement willfully, that is, with intent to further the unlawful purpose.")).

*Willet* is consistent with these principles. As pertinent here, in *Willet*, the Government charged the defendant with one count of conspiracy to commit healthcare fraud under 18 U.S.C. § 1349. 751 F.3d at 337. Upon being convicted, the defendant appealed, arguing, *inter alia*, that the evidence was insufficient to sustain his conviction. *Id.* at 339. Once more, in articulating the standard by which to adjudge the evidence presented against the defendant at trial, the Fifth Circuit noted that a conspiracy to commit healthcare fraud includes a "willful" *mens rea* requirement. *Id.* (quoting *United States v. Grant*, 683 F.3d 639, 643 (5th Cir. 2012) ("To prove a conspiracy to commit health-care fraud in violation of 18 U.S.C. § 1349, 'the government must prove beyond a reasonable doubt that (1) two or more persons made an agreement to commit

7

healthcare fraud; (2) that the defendant knew the unlawful purpose of the agreement; and (3) that the defendant joined in the agreement *willfully, that is*, with the intent to further the unlawful purpose.'")). That makes sense, given that the underlying substantive offense—a violation of 18 U.S.C. § 1347—includes a "willful" element. *Id.* (citing 18 U.S.C. § 1347). Neither *Nora* nor *Willet*—or any of the authority cited therein, for that matter—decided for the ages that all conspiracies under 18 U.S.C. § 1349 carry a "willful" *mens rea*. That conclusion would run afoul of some statutory text in the subchapter that does *not* include the term. *See, e.g.*, 18 U.S.C. § 1343 (conspiracy to commit wire fraud).

   To be sure, as the Government observes, there is no question that, in the Fifth Circuit, the use of the term "willful" has been applied to the healthcare fraud and anti-kickback arena (*See* Dkt. #508 at pp. 2–3). *See also* 5th Cir. PJI 1.43; *Grant*, 683 F.3d at 643. The Government, for its part, cites ample authority that the elements of a conspiracy under 18 U.S.C. § 1349 do not carry a willful *mens rea*. The Court begins with *United States v. Beacham* (Dkt. #508 at pp. 1–2) (citing 774 F.3d 267, 272 (5th Cir. 2014)). There, the defendant was charged with and convicted of conspiracy to commit wire fraud under 18 U.S.C. § 1349. *Beacham*, 774 F.3d at 272. Upon his conviction, the defendant appealed, arguing, *inter alia*, that the evidence was insufficient to sustain his conviction. *Id.* In describing the elements of the offense against which to assess the sufficiency of the evidence adduced against him at trial, the Fifth Circuit did not include a "willful" element. *Id.* (citing *Grant*, 683 F.3d at 643) ("To be convicted of a conspiracy [to commit wire fraud] under § 1349, the jury must find: (1) two or more persons agreed to commit fraud; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant joined the agreement with the intent to further the unlawful purpose.")

8

Notably, *Grant*, which the Fifth Circuit in *Beacham* cited for its recitation of the elements, involved a conspiracy to commit healthcare fraud—not wire fraud. *See Grant*, 683 F.3d at 641 (defendants convicted of conspiracy to commit healthcare fraud and aiding and abetting healthcare fraud under 18 U.S.C. §§ 1349, 1347). In *Grant*, the Fifth Circuit defined the elements of a conspiracy to commit healthcare fraud in violation of 18 U.S.C. §§ 1347 and 1349 as follows:

> To prove a conspiracy to commit health care fraud, the government must prove beyond a reasonable doubt that (1) two or more persons made an agreement to commit health care fraud; (2) that the defendant knew the unlawful purpose of the agreement; and (3) that the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

*Id.* at 643. Thus, in different cases, with different offenses, the Fifth Circuit omitted the "willfully, that is" language in its recitation of each offense's respective elements. *Compare id. with Beacham*, 774 F.3d at 272. Unfortunately, the Fifth Circuit did not explain the omission of that language. No less, the Government argues that that shift is "significant" (Dkt. #508 at p. 2 n.1). The Court agrees. After all, *expressio unius est exclusio alterius* (the expression of one thing implies the exclusion of others). *See* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 107 (2012). Further, the Court presumes that the Fifth Circuit means what it says. Under Fifth Circuit precedent, the elements of wire fraud under 18 U.S.C. § 1349 do not include a willful element. *See, e.g.*, *United States v. Comstock*, 974 F.3d 551, 557 (5th Cir. 2020); *United States v. Chaney*, 839 Fed. App'x 903, 904 (5th Cir. 2021) (per curiam).

Going beyond the authority cited by the parties before the Court does not settle the issue, however. In *United States v. Greenlaw*, for example, defendants were convicted of conspiracy to commit wire fraud affecting a financial institution, conspiracy to commit securities fraud, and aiding and abetting securities fraud. 84 F.4th 325, 339 (5th Cir. 2023). The conspiracy to commit

wire fraud charge was brought under 18 U.S.C. § 1349 (18 U.S.C. § 1343). *Id.* The conspiracy to commit securities fraud charge was also brought under 18 U.S.C. § 1349 (18 U.S.C. §§ 1348 & 2), as were the aiding and abetting charges. *Id.* None of these statutes' text include the word "willful." *See* 18 U.S.C. §§ 1343, 1349, 1956(h), 1957. Rather, "each conspiracy count requires that the act be completed with a 'specific intent to defraud.'" *Id.* As to the substantive aiding and abetting securities counts, "the statutes both require, *inter alia*, that the act be complete with a specific 'intent to defraud' and prohibit the execution of a 'scheme to defraud.'" *Id.*

One defendant challenged the sufficiency of the evidence relating to his *mens rea*. *Id.* at 340. As relevant here, the Fifth Circuit tested the sufficiency of the evidence, including for the defendant that claimed the evidence did not prove he had the requisite *mens rea* against the following standard. "Along with specific intent to defraud, to prove a conspiracy the Government must prove that '(1) two or more persons made an agreement to commit an unlawful act; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant *joined in the agreement willfully, with the intent to further the unlawful purpose.*" *Id.* (quoting *United States v. Simpson*, 741 F.3d 539, 547 (5th Cir. 2014) (citing *Grant*, 683 F.3d at 643 (emphasis added))).

Hence, tension emerges. Whereas *Grant* defined "willfully" as "that is, with the intent to further the unlawful purpose" of a conspiracy, *see Grant*, 683 F.3d at 643, *Greenlaw* removed the "that is" language, stating that a defendant must "join in the agreement willfully, with the intent to further the unlawful purpose." *Greenlaw*, 84 F.4th at 339. *Simpson* does the same. *See* 741 F.3d at 547. Those words make a difference, and the Court cannot reconcile the removal of that language. Thus, the Court returns to the statutory language at issue and the Fifth Circuit pattern instructions for guidance.

10

The Fifth Circuit's PJI regarding "willfully" (PJI 1.43) is clear that: "[a]n instruction defining 'willfully' should be given *only* when, by statute or court decision, 'willfully' is made a mental state element of the offense charged. An instruction on 'willfully' should not be given . . . unless it is a legal element of the offense charged." (emphasis added). The cases cited above (except for *Greenlaw* and *Simpson*) suggest, and the language of the applicable statutes in this case confirm, that conspiracy to commit wire fraud does not include the "willfully" element. *See* 18 U.S.C. §§ 1343, 1349. And in identifying the *mens rea* for conspiracy to commit a substantive offense, the Supreme Court has instructed that the "'conspiracy to commit a particular substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense itself.'" *United States v. Shaddix*, 693 F.2d 1135, 1139 (5th Cir. 1989) (quoting *Ingram v. United States*, 360 U.S. 672, 678 (1959)). Thus, the Fifth Circuit has held that conspiracy generally "has two intent elements—intent to further the unlawful purpose and the level of intent required for proving the underlying substantive offense." *Nora*, 988 F.3d at 830 (quoting *United States v. Brooks*, 681 F.3d 678, 699 (5th Cir. 2012) (internal citations omitted)).

Further, as to the conspiracy to commit money laundering count under 18 U.S.C. § 1956(h) in this case, neither the Government nor any Defendant appear to argue that the statute contemplates a "willfulness" *mens rea*. Rightly so, because neither the Fifth Circuit nor the statute's language requires a "willful" *mens rea* in such cases. *See, e.g.*, *United States v. Alaniz*, 726 F.3d 586, 601 (5th Cir. 2013) ("The elements of a conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), are: (i) that there was an agreement between two or more persons to commit money laundering; and (ii) that the defendant joined the agreement knowing its purpose and with the intent to further the illegal purpose."); *United States v. Fuchs*, 467 F.3d 889, 906 (5th

11

Cir. 2006) (same); *United States v. Garcia Abrego*, 141 F.3d 142, 163 (5th Cir. 1998) (same), *cert. denied*, 535 U.S. 878 (1998) *overruled on other grounds by Crawford v. Washington*, 541 U.S. 36 (2004); *United States v. Threadgill*, 172 F.3d 357, 366 (5th Cir. 1999) (same); *United States v. Cessa*, 785 F.3d 165, 173 (5th Cir. 2015) (same).

Because the statutes do not contain the word "willfully," at least to mean "voluntarily or purposely" as the Joint Defendants submit, the Court is hesitant to include the instruction the Joint Defendants request. The Fifth Circuit PJIs offer some guidance. The Fifth Circuit does not have a PJI for conspiracy to commit wire fraud. It does, however, for conspiracy to commit money laundering. *See* 5th Cir. PJI 2.76(C). That instruction states:

> Title 18, United States Code, Section 1956(h), makes it a crime for anyone to conspire to commit money laundering.
>
> A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.
>
> For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt.
>
> *First:* That the defendant and at least one other person made an agreement to commit the crime of _____ (*specify elements of the offense charged in the indictment*);
>
> *Second:* That the defendant knew the unlawful purpose of the agreement; and
>
> *Third:* That the defendant joined in the agreement *willfully, that is, with the intent to further the unlawful purpose.*

(emphasis added). Thus, the Fifth Circuit included the "willfully, that is" language in its PJI for conspiracy to commit money laundering, the statute for which does not include a "willful" *mens rea* requirement. Neither the Government nor the Joint Defendants offer any tenable basis for deviating from this instruction, and the Court sees no reason to do so *sua sponte*.

While the Court cannot rely upon a Fifth Circuit PJI for conspiracy to commit wire fraud, it can turn to the Fifth Circuit PJI regarding "willfully," which the Joint Defendants invoke in their Motion (*See* Dkt. #489 at p. 3) (citing 5th Cir. PJI 1.43).

That instruction states that the "traditional definition" of "willfully" means "voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law." 5th Cir. PJI 1.43. PJI 1.43 also states that "this definition is not always accurate in every situation." *Id.* It further notes that "willfully" "connotes a higher degree of criminal intent that knowingly." *Id.* Whereas "'knowingly' requires proof of knowledge of the facts that constitute the offense," "'willfully' requires proof that the defendant acted with knowledge that his or her conduct violated the law." *Id.*

Fifth Circuit PJI 1.43 chronicles how the Fifth Circuit has applied the "willful" element to cases involving healthcare fraud and violations of the anti-kickback statute. The inclusion of that element stays true to the underlying statutes' text.

PJI 1.43 further notes that while prosecutors often use the word "willfully" in indictments (which the Government did here) even though the offense does not require a "willful" *mens rea*, that practice should be discouraged, and it is (seemingly) ignored in crafting jury charges. 5th Cir. PJI 1.43 "The Supreme Court has cautioned that the required mental state may be different even for different elements of the same crime, and that the mental element encompasses more than just the two possibilities of 'specific' and 'general' intent," the PJI states. 5th Cir. PJI1.43 Accordingly, "[t]he [Fifth Circuit PJI] Committee has therefore abandoned the indiscriminate use of the term 'willfully' accompanied by an inflexible definition of that term." 5th Cir. PJI 1.43.

PJI 1.43 holds that this approach is anchored in *United States v. Jobe*, 101 F.3d 1046, 1059 (1985), "which found no error when the trial court declined to separately define 'willfulness' but did give the pattern jury definition of 'knowingly' and otherwise 'correctly charged the jurors on the element of intent in each offense.'" That case concerned a conspiracy charged under 18 U.S.C. § 371 for conspiracy to commit bank fraud under 18 U.S.C. § 1344, which requires a *mens rea* of "knowingly"—not "willfully." *See Jobe*, 101 F.3d at 1059. "Nevertheless," according to PJI 1.43, "the historical definition of 'willfully' . . . was given and approved in a money laundering and misapplication of bank funds case," *United States v. Giraldi*, 86 F.3d 1368, 1376 (5th Cir. 1996). There, the trial court stated that:

> its charge would incorporate in a general sense everything that both sides had requested and would "make each count subject to the requirement that the term 'knowingly' and 'willfully' be proven." The charge given defined the term "knowingly" as "the act was done voluntarily and intentionally" and "not by accident or mistake." The term "willfully" was defined as "the act was committed voluntarily and intentionally, that you did it because you wanted to do it and with a specific intent to do something that the law forbids."

*Giraldi*, 86 F.3d at 1376. But that decision did not turn on a "willfulness" instruction.

The net sum of the statutory text, the pertinent Fifth Circuit PJIs, and the caselaw discussed above suggest that because 18 U.S.C. §§ 1346, 1343, 1956(h), and 1957 do not include a "willful" *mens rea* requirement, the jury should not be charged on the Joint Defendants' proposed definition of "willfully." But because the Fifth Circuit PJI for money laundering includes the "willfully, that is" language and defines the term to mean that the defendant "joined in the agreement . . . with the intent to further the unlawful purpose [of that agreement]," that language will be reflected in the Court's preliminary instructions and final charge for Count 2, conspiracy to commit money laundering. That is consistent with the relevant statutory text.

14

Similarly, because the Fifth Circuit approved of that language for purposes of conspiracy to commit money laundering, and because the Fifth Circuit has rejected an inflexible meaning of "willful," the language will also be reflected in the preliminary instructions and final charge as to Count 1, conspiracy to commit wire fraud. That too can be reconciled with the relevant statute, which requires a specific intent to further the conspiracy's unlawful purpose, as the Fifth Circuit has stated. *United States v. Kuhrt*, 788 F.3d 403, 414 (5th Cir. 2015). In short, in an abundance of caution, the Court will stay true to the Fifth Circuit's PJI for conspiracy to commit money laundering (2.76(C)) and will otherwise track that language, along with the statutory elements for conspiracy to commit wire fraud. *See Turner*, 96 F.2d at 464.

## CONCLUSION

It is therefore **ORDERED** that the Joint Defendant's Additional Requested Jury Instructions and Objections to the Government's Requested Instructions (Dkt. #489) is **DENIED in part**. Specifically, the Motion is **DENIED in part** as to the proposed issuance of a "willfulness" instruction. For each of the Indictment's two Counts, the Court will include the following instruction in its recitation of the elements to the jury: "for you to find the defendant guilty of this crime, you must be convinced that the [G]overnment has proved each of the following beyond a reasonable doubt . . . the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose." All other aspects of the Motion are hereby **taken under advisement** and will be ruled on at a later date pending a final charge conference.

**IT IS SO ORDERED.**

**SIGNED this 13th day of January, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE