# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Case Number 4:23-CR-136 |
| | § | Judge Mazzant |
| OLAMIDE OLATAYO BELLO (1) | § | |
| OLABODE THOMAS AJIBOLA (2) | § | |
| DUMBOR JOSEPHINE BARIBE (11) | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Ajibola and Defendant Baribe's Joint Motion to Dismiss Count Two of the First Superseding Indictment (Dkt. #487). Also pending before the Court is Defendant Bello's Motion to Dismiss Count Two Conspiracy to Commit Money Laundering in Violation of 18 U.S.C. § 1956(h) on the Ground of Merger of the Crime (Dkt. #430). Having considered the Motions, the relevant pleadings, and the applicable law, the Court finds that both Motions should be **DENIED**.

## BACKGROUND

The First Superseding Indictment charged Defendant Ajibola and Defendant Baribe (the "Joint Defendants"), as well as Defendant Bello ("Bello") (collectively, the "Defendants") with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count One) and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count Two). The case proceeded to a jury trial on January 13, 2025. Three days later, on January 16, 2025, a jury found each Defendant guilty on both Counts (Dkt. #541).

Prior to trial, the Joint Defendants filed the instant Motion (Dkt. #487). Through it, the Joint Defendants seek dismissal of Count Two of the First Superseding Indictment. Specifically,

the Joint Defendants argue that the offense of conspiracy to commit money laundering merges with conspiracy to commit wire fraud. Therefore, they argue that the merger doctrine bars the Joint Defendants from being punished for both offenses. Bello's Motion argues the same (Dkt. #430).

The Court entertained some argument on the issue at the pretrial conference held on January 8, 2025. There, the Government submitted that the Court should delay ruling on the Motions until the jury returned a verdict because the so-called "merger question" could be clarified by the evidence introduced at trial. The Court agreed and ordered the Government to respond to the Motions. The Government responded on January 10, 2025 (Dkt. #522). Now that a jury has determined the guilt of each Defendant as to the charges alleged in the First Superseding Indictment, the Court takes up the issue of whether the offenses merge, as argued by Defendants. As explained below, they do not.

## LEGAL STANDARD

"The concept of merger is implicated when a defendant is convicted under two criminal statutes for what is actually a single crime . . . ." *United States v. Kennedy*, 707 F.3d 558, 563 (5th Cir. 2013). To the extent that merger bars a defendant from two convictions for the same conduct, merger is akin to double jeopardy. *Id.* (citing *United States v. Santos*, 553 U.S. 507, 527 (2008) (Stevens, J., concurring)). Here, Defendants seek to dismiss Count Two of the First Superseding Indictment, which charges the Defendants with conspiracy to commit money laundering. As the Fifth Circuit has stated, "[i]n the money laundering context, the salient 'merger' question is 'whether the money laundering crime is based upon the same or continuing conduct of the underlying predicate crime, or whether the crimes are separate and based upon separate

conduct.'" *United States v. Gibson*, 875 F.3d 179, 191 (5th Cir. 2017) (quoting *United States v. Kennedy*, 707 F.3d 558, 565 (5th Cir. 2013)). Accordingly,

> [m]erger . . . may be proved in two ways: (1) a defendant may demonstrate the underlying unlawful activity was not complete at the time the alleged money laundering occurred; or (2) a defendant may show the transaction upon which the money laundering count is based was not a payment from profits of the underlying crime made in support of new crimes, but, instead, was a payment from gross receipts of the previously committed crime made to cover the costs of that same crime.

*Id.* (quoting *Kennedy*, 707 F.3d at 565).

## ANALYSIS

This case concerns the Defendants' conspiracy to commit wire fraud and conspiracy to commit money laundering with funds derived from the Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") economic relief plans the Government instituted during the COVID-19 pandemic. Under *Kennedy*'s first prong, the Joint Defendants argue that the "money laundering charge should be dismissed since the offense was not complete at the time the alleged money laundering occurred" (Dkt. #487 at p. 2). Ostensibly, "the offense" to which the Joint Defendants refer is conspiracy to commit wire fraud (Count One) (*See* Dkt. #487 at p. 2). According to the Joint Defendants, "the government loans that were provided for during COVID had rules on who could apply and how the money should be used and what it could be used for. Therefore, the offense was not complete until the money was improperly used" (Dkt. #487 at p. 2). Separately, Bello appears to argue under *Kennedy*'s second prong that Count Two should be dismissed "because the allegedly laundered funds were in fact the same funds constituting the basis of Count One, conspiracy to commit wire fraud" (Dkt. #430 at p. 1) (cleaned up).

For its part, the Governmemt disputes the Defendants' arguments by clarifying that the First Superseding Indictment exclusively charged the Defendants with *conspiracy* offenses—not substantive ones (Dkt. #522 at p. 1). Therefore, according to the Government, the offenses do not merge because each individual offense was complete at the moment an agreement was entered (Dkt. #522 at pp. 2–3). The Government is correct. There is no merger here.

The outcome of the present dispute is controlled by the Fifth Circuit's holding in *Gibson*, as the Government suggests (*See* Dkt. #522 at pp. 2–3) (citing *Gibson*, 875 F.3d 179). In *Gibson*, a jury convicted the defendants of conspiracy to defraud Medicare, conspiracy to pay unlawful kickbacks, and conspiracy to launder money, as well as several counts of substantive violations of the anti-kickback statute ("AKS"). 875 F.3d at 183. On appeal, the defendants argued that the conspiracy to commit money laundering conviction merged with the healthcare fraud conspiracy conviction. *Id.* at 192. Applying the *Kennedy* standard articulated above, the Fifth Circuit squarely rejected that argument, noting that the jury convicted the defendants of "conceptually and temporally distinct agreements." *Id.* While one count "targeted a conspiracy to submit false bills to Medicare," the other count "alleged a conspiracy to sue fraudulently obtained money with the goal of submitting false *subsequent* bills." *Id.* (emphasis in original). The Fifth Circuit also noted that "neither crime needed an overt act" to be rendered complete. *Id.* Thus, by charging the defendants with "two inchoate crimes, the government did not need to show that 'money laundering occurred' or that [the defendants] made any actual 'transaction' or 'payment.'" *Id.* Because neither conviction rested upon "any actual money laundering," the Fifth Circuit saw no "risk that 'the underlying unlawful activity was not complete at the time the alleged money laundering occurred' or that 'the transaction upon which the money laundering count [was] based

. . . was a payment from gross receipts of the previously committed crime made to cover the costs of that same crime.'"[1] *Id.* (quoting *Kennedy*, 707 F.3d at 565).

The exact same reasoning is applicable here and undermines the Joint Defendants' position. As a preliminary matter, neither Count One (conspiracy to commit wire fraud) nor Count Two (conspiracy to commit money laundering) requires proof of an overt act. *See, e.g.*, *United States v. Kuhrt*, 788 F.3d 403, 414 (5th Cir. 2015) (omitting an overt act requirement from the elements of a conspiracy to commit wire fraud); *United States v. Trejo*, 610 F.3d 308, 313 n.6 (5th Cir. 2010) (citing *Whitfield v. United States*, 543 U.S. 209, 214 (2005)) ("The Supreme Court has held that there is no overt act requirement for a money laundering conspiracy"). Just as the Fifth Circuit in *Gibson* suggested that because the inchoate offenses at issue in that case did not require proof of an act there was no merger concern, the same is true here. *See Gibson*, 875 F.3d at 192.

Here, there is no doubt that both offenses were complete when the agreements were made. As to Count One, all that the Government needed to prove was that: (1) two or more persons made an agreement to commit wire fraud; (2) the defendant knew the unlawful purpose of the agreement; and (3) that the defendant joined in the agreement with the specific intent to further the agreement's unlawful purpose. 18 U.S.C. § 1349; *Kuhrt*, 788 F.3d at 414 (citing *United States v. Grant*, 683 F.3d 639, 643 (5th Cir. 2012)). The same basic elements apply to Count Two, conspiracy to commit money laundering, which required the Government to prove that: (1) two or more persons made an agreement to commit money laundering; (2) that the defendant knew the unlawful purpose of the agreement; and (3) that the defendant joined in the agreement with the

---

[1] In *Gibson*, the Fifth Circuit assessed the merger issue under a plain error standard of review. 875 F.3d at 192. Naturally, the Court does not apply a plain error standard in analyzing Defendants' arguments here, but *Gibson*'s reasoning and holding still control and compel the Court to deny Defendants' Motions.

specific intent to further the agreement's unlawful purpose. 18 U.S.C. § 1956(h); *United States v. Alaniz*, 726 F.3d 586, 601 (5th Cir. 2013). By each statute's plain text, each conspiracy is complete when an agreement is made such that the offense's elements are satisfied—not when, as the Joint Defendants say, "the money [(illicitly derived from the Government programs)] was improperly used" (Dkt. #487 at p. 2). The Joint Defendants' argument ignores that the Government elected to charge each Defendant with *conspiracy* offenses rather than substantive counts. And while the Joint Defendants' arguments protest, they have not identified how two independent conspiracies—both of which are complete without an overt act—merge.

Defendants may suggest that the offenses here are not as attenuated from each other as they were in *Gibson* such that the two offenses are not temporally and conceptually distinct. *See Gibson*, 875 F.3d at 192 ("Count 1 targeted a conspiracy to submit false bills to Medicare, while Count 13 alleged a conspiracy to use fraudulently obtained money with the goal of submitting *subsequent* false bills.") (emphasis in original); *see also United States v. Mayfield*, No. CR 17-241, 2019 WL 485959, at *5 (E.D. La. Feb. 7, 2019) (addressing a similar argument). But that argument holds no water. The District Court for the Eastern District of Louisiana, when faced with the same argument against a conspiracy to commit wire fraud and conspiracy to commit money laundering conviction, rejected that argument. *See id.* In so doing, it held that there was no merger problem between the two conspiracies "because even though they overlap[ped] in time, they [were] based on distinct agreements to commit different substantive crimes that do not have identical elements." *Id.* at *6.

While the proof adduced at trial could be viewed to suggest that these conspiracies may have shared some temporal similarities, they remain distinct inchoate offenses that contemplate

different agreements that required the Government to prove different elements. *See Kuhrt*, 788 F.3d at 414; *Alaniz*, 726 F.3d at 601. In keeping with the Government's decision to charge the Defendants with those separate, inchoate offenses, and parallel to the special nature of conspiracies, the convictions should not merge. *See Gibson*, 875 F.3d at 192 (citing *Iannelli v. United States*, 420 U.S. 770, 777–78 (1975) (noting that because "a conspiracy poses distinct dangers quite apart from those of the substantive offense," a "conspiracy to commit an offense and the subsequent commission of that crime normally do not merge into a single punishable act.")).

The available authority on the issue—with which Defendants do not meaningfully grapple—suggests that two independent conspiracies do not merge simply because, when viewed from a particular angle, they might appear to be generally similar in some respects. *See Gibson*, 875 F.3d at 192 (holding that a conspiracy to commit Medicare fraud and a conspiracy to commit money laundering did not merge) (citing *United States v. Sanjar*, 853 F.3d 190, 202 (5th Cir. 2017), *opinion withdrawn and superseded on reh'g in part*, 876 F.3d 725 (5th Cir. 2017), *cert. denied*, 583 U.S. 893 (2017) (finding no Double Jeopardy problem where an indictment charged defendants with both a Medicare fraud conspiracy under 18 U.S.C. §§ 1347, 1349 and a conspiracy to violate the AKS under 18 U.S.C. § 371); *United States v. Cloud*, 680 F.3d 396, 408 (4th Cir. 2012) (finding no merger problem between money laundering conspiracy conviction and a mortgage fraud conspiracy conviction because the former "was not tied to any specific payment to a recruiter, buyer, or coconspirator")).

Bello's argument under the second prong of *Kennedy* also fails for similar reasons. Once more, to prove merger in the money laundering context,

> a defendant may show the transaction upon which the money laundering count is
> based was not a payment from profits of the underlying crime made in support of

> new crimes, but, instead, was a payment from gross receipts of the previously
> committed crime made to cover the costs of that same crime.

*Kennedy*, 707 F.3d at 565. Bello's invocation of this part of *Kennedy* is misplaced because it is incorrectly premised on the idea that the Government had to prove that a transaction took place. The second prong of *Kennedy* appears to contemplate the receipt of some funds as an *element* of the underlying offense (money laundering). But in a case such as this one, involving only a conspiracy to commit wire fraud and a conspiracy to commit money laundering, the Government did not need to put on any proof, whatsoever, as to the substantive elements of money laundering or wire fraud. *See Kuhrt*, 788 F.3d at 414; *Alaniz*, 726 F.3d at 601. The Government did not charge any Defendant with substantive counts of wire fraud or money laundering. Thus, any post-hoc inquiry into a potential transaction that did occur is irrelevant to the merger inquiry, as proof of such a transaction is not an element of either offense. *See Gibson*, 875 F.3d at 192; *Mayfield*, 2019 WL 485959, at *6. Each conspiracy was consummated when the respective agreements were formed, with no overt act—be it a transaction or otherwise—taken by any of the Defendants. Accordingly, because each agreement is a distinct offense with different elements, complete without regard to each other, there is no merger issue here. *See Gibson*, 875 F.3d at 192.

This is not to say that no two conspiracy offenses can ever merge. Indeed, it is not this Court's task to lay down a rule with such wide breadth; the Fifth Circuit's jurisprudence on the issue of merger has not decided that question. But today, it is enough to decide that, on these facts, given Fifth Circuit precedent, these two conspiracies do not merge. Accordingly, there is no reason to dismiss Count Two of the First Superseding Indictment, nor is there any reason to alter the determination of the jury that the Defendants are guilty on both Counts.

## CONCLUSION

It is therefore **ORDERED** that Defendant Ajibola and Defendant Baribe's Joint Motion to Dismiss Count Two of the First Superseding Indictment (Dkt. #487) and Defendant Bello's Motion to Dismiss Count Two Conspiracy to Commit Money Laundering in Violation of 18 U.S.C. § 1956(h) on the Ground of Merger of the Crime (Dkt. #430) are hereby **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 27th day of January, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE